UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. MARK,

        Plaintiff,

  v.                                                Case No. 22-cv-1154-pp

MR. SABISH
and JOHN AND/OR JANE DOES,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and currently is not incarcerated.

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably, his paychecks) are garnished at 20% and that he currently is homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. The court will grant the motion for leave to proceed without prepaying the filing fee.

## II.     Screening of Complaint

### A.     Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff has sued Mr. Sabish and John/Jane Does, who work at the Kettle Moraine Correctional Institution. Dkt. No. 1 at 1-3. He alleges that on October 22, 2018, Sabish or an unknown administrative staff member "initiated the process" of having him placed in TLU (temporary lock-up) and issued him a conduct report in retaliation for the plaintiff submitting a grievance to Kettle Moraine staff about possible staff misconduct. Id. at 3 ¶1.

The plaintiff also alleges that between October 1 and October 22, 2018, Sabish and an unknown staff member retaliated against him for submitting grievance letters to institution staff regarding staff misconduct and other

3

serious issues. Id. at 3-4 ¶2. These defendants allegedly conspired to place the plaintiff in TLU and/or give him a fabricated conduct report. Id. at 4 ¶2.

Finally, the plaintiff alleges that between December 10 and 14, 2018, Sabish conspired with unknown prison staff to place him in TLU in retaliation for submitting grievances to Sabish and other staff members about possible staff misconduct. Id. at 4 ¶3. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 5.

C. Analysis

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff may proceed on a claim that the defendants retaliated against him in October and November of 2018.

The plaintiff has not stated a separate claim that the defendants conspired to retaliate against him. See Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999); Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). Even if the plaintiff had stated a claim of conspiracy to retaliate, the claim would add nothing to the case because the defendants are state actors, the plaintiff alleges that each defendant independently violated his rights and conspiracy is not an

4

independent basis of liability in §1983 cases. See <u>Smith v. Gomez</u>, 550 F.3d 613, 617 (7th Cir. 2008).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Sabish. Under the informal service agreement, the court **ORDERS** defendant Sabish to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff will need to use discovery to identify the Doe defendant(s).

The court **ORDERS** that the plaintiff must send or deliver the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**